IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) No. 21-CV-04212-WJE |
| CENTRAL TRUST CO., | ) |
| MACE OZARK OPRY, LLC, | ) |
| THE JOYCE MACE TRUST, | ) |
| JOHN FARRELL REAL ESTATE CO., | ) |
| LYNN FARRELL, | ) |
| Defendants. | ) |

## ORDER

Pending before the Court are Defendants Lynn Farrell and John Farrell Real Estate Company's (the "Farrell Defendants") Motions to Dismiss Counts I and II (Docs. 23, 25), and suggestions in support thereof (Docs. 24, 26). Plaintiff Christopher Williams has filed suggestions in opposition (Doc. 29), to which the Farrell Defendants have timely replied (Doc. 30). The issues are now ripe for consideration. For the reasons that follow, the Motions to Dismiss Counts I and II are granted.

### I. BACKGROUND

Mr. Williams' suit arises out of a contract for the purchase and sale of commercial property located in Camden County, Missouri (the "Property"). (Doc. 19, ¶¶ 9, 14; Doc. 24, p. 1). On July 1, 2021, John Farrell Real Estate, with Lynn Farrell acting as its agent, entered into a Seller's Agency Exclusive Right to Sell Agreement ("Broker Contract") with Mace Ozark Opry, LLC ("Mace"). (Doc. 32). The Broker Contract provided that the Farrell Defendants would act as Mace's realtor, facilitating the sale of the Property. (*Id.*). On July 20, 2021, a Commercial and

Industrial Sale Contract ("Sale Contract") was executed, wherein Defendants agreed to sell Highlands Development, a company owned by Mr. Williams, a portion of the Property. (Doc. 19, ¶ 14; Doc. 27, ¶ 14). The Sale Contract did not specify the boundaries of the portion of the Property sold to Mr. Williams. (Doc. 19, ¶ 14). Instead, the Sale Contract included a provision mandating that Mr. Williams survey the Property to determine the boundary between his portion and the remainder of the Property. (*Id.*, ¶ 18).

After the survey was completed, the Farrell Defendants brokered the sale of the remainder of the Property. (*Id.*, ¶ 23; Doc. 27, ¶ 23). In doing so, Mr. Williams alleges that the Farrell Defendants failed to accurately convey the boundary between the divided portions of the Property to the buyer, resulting in the Defendants insisting that the remainder of the Property includes a part of Mr. Williams' portion of the Property. (Doc. 19, ¶¶ 25-27).

On November 3, 2021, Mr. Williams filed suit. (Doc. 1). On March 10, 2022, Mr. Williams filed an Amended Complaint, alleging claims for breach of contract in Count I, quiet title in Count II, and negligence in Count III. (Doc. 19). On April 14, 2022, the Farrell Defendants filed their Answer and the instant Motions to Dismiss, arguing that Mr. Williams failed to allege a breach of contract and quiet title claim against them. (Docs. 23, 25, 27).

## II.  STANDARD OF REVIEW: RULE 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "fail[ing] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint survives a Rule 12(b)(6) motion if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The factual allegations "do not need to be 'detailed,' but they must be 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). Specifically, the standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Determining whether a claim is plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). However, the Court must "accept the factual allegations in the complaint as true and draw all reasonable inferences in the nonmovant's favor." *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020) (citing *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010)).

### III. ANALYSIS

**A. Mr. Williams fails to allege a claim for breach of contract against the Farrell Defendants.**

The Farrell Defendants argue that Mr. Williams' Amended Complaint fails to demonstrate that he was a party to any contract with the Farrell Defendants, and he is not an intended third-party beneficiary of the Broker Contract. (Doc. 24, pp. 3-4). Mr. Williams counters that he is an intended third-party beneficiary of the Broker Contract, which the Farrell Defendants breached when they failed to accurately convey the boundaries of Mr. Williams' portion of the Property. (Doc. 29, pp. 1-2).

A claim for breach of contract under Missouri law[1] "includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Topchian*, 760 F.3d at 850 (quoting *Keveney v. Mo. Mil. Acad.*, 304 S.W.3d 98, 104 (Mo. 2010)). "Only parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract." *Torres v. Simpatico, Inc.*, 781 F.3d 963, 971 (8th Cir. 2015) (quoting *Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 153 (Mo. 2007)). "Under Missouri law, '[a] third party beneficiary is one who is not privy to a contract or its consideration but who may nonetheless maintain a cause of action for breach of contract.'" *Rainey v. Standard Guar. Ins. Co.*, No. 20-CV-03112-SRB, 2020 WL 5536486, at *5 (W.D. Mo. Sept. 15, 2020) (quoting *L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co., L.P.*, 75 S.W.3d 247, 260 (Mo. 2002)). "[W]hether a third-party beneficiary may sue on a contract . . . is determined by the terms of the agreement . . . ." *Coverdell v. Bank of America, N.A.*, No. 11-5028-CV-SW-RED, 2011 WL 13233780, at *2 (W.D. Mo. Aug. 5, 2011) (citing *Verni*, 212 S.W.3d at 153). "Only those third parties for whose primary benefit the parties contract may maintain an action." *Rainey*, 2020 WL 5536486, at *5 (quoting *Ward Parkway Shopping Ctr. Co., L.P.*, 75 S.W.3d at 260). "Although it is not necessary that the third-party beneficiary be named in the contract, the terms of the contract must express directly and clearly an intent to benefit an identifiable person or class." *Id.* (quoting *Ward Parkway Shopping Ctr. Co., L.P.*, 75 S.W.3d at 260). "In cases where the contract lacks an express declaration of that intent, there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves." *Nitro Distrib., Inc. v. Dunn*, 194 S.W.3d 339, 345 (Mo. 2006) (citing *State ex rel. William Ranni Assocs., Inc. v.*

---

[1] In this diversity action, the parties agree that Missouri law governs. *See also Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 850 (8th Cir. 2014).

*Hartenbach*, 742 S.W.2d 134, 141 (Mo. 1987)). "Furthermore, a mere incidental benefit to the third party is insufficient to bind that party." *Verni*, 212 S.W.3d at 153 (quoting *Dunn*, 194 S.W.3d at 345).

Here, Mr. Williams fails to state a claim for breach of contract against the Farrell Defendants. First, there is no evidence that there was privity of contract between Mr. Williams and the Farrell Defendants. (*See* Doc. 19, ¶¶ 14, 23, 39-42). They did not contract with each other. (*See id.*). Second, even when viewing the facts in a light most favorable to Mr. Williams, he does not appear to be an intended beneficiary of the Broker Contract. (*See* Doc. 32). Mr. Williams is not named in the Broker Contract, as the agreement focuses on the services the Farrell Defendants will render to Mace. (*See id.*). The terms of the agreement do not "directly and clearly [express] an intent to benefit" Mr. Williams.[2] *See Rainey*, 2020 WL 5536486, at *5 (quoting *Ward Parkway Shopping Ctr. Co., L.P.*, 75 S.W.3d at 260). As such, the Court presumes that Mr. Williams is not an intended beneficiary of the Broker Contract. *See Dunn*, 194 S.W.3d at 345. Thus, the Court grants the Motion to Dismiss Count I because Mr. Williams fails to sufficiently allege a breach of contract claim against the Farrell Defendants.

**B. Mr. Williams fails to allege a claim for quiet title against the Farrell Defendants.**

The Farrell Defendants seek to dismiss Mr. Williams' claim for quiet title because Mr. Williams does not have an interest in the Property. (Doc. 26, pp. 2-3). Mr. Williams counters that his current interest in the Property is sufficient to bring the quiet title claim. (Doc. 29, pp. 2-3).

"To state a claim for quiet title under Missouri law, a plaintiff must allege (1) ownership of the described real estate; (2) that the defendant claims title or interest in the subject premises;

---

[2] The Broker Contract specifies that the Farrell Defendants could agree to act as a prospective buyer's agent with the written consent of all the parties. (Doc. 32, p. 3). However, this clause still does not convince this Court that Mr. Williams is an intended beneficiary of the Broker Contract. The clause appears to benefit Mace, as it requires its written consent before the Farrell Defendants could even begin to act as a dual agent. (*Id.*).

and (3) that such claim is adverse and prejudicial to the plaintiff." *Smith v. Select Portfolio Servicing, Inc.*, No. 2:16-CV-04203-NKL, 2016 WL 4942029, at *3 (W.D. Mo. Sept. 15, 2016) (citing *Howard v. Radmanesh*, 586 S.W.2d 67, 68 (Mo. Ct. App. 1979)). "In addition, the plaintiff seeking quiet title 'has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of [his] own title and not any weakness in the title of the other party.'" *Id.* (citing *Olson v. Vill. of Climax Springs*, 916 S.W.2d 198, 203 (Mo. 1996). When the plaintiff fails to sufficiently plead that the defendant "claims any title, estate, or interest in the property," the claim must be dismissed. *See Simms v. Nationstar Mortg., LLC*, 44 F. Supp. 3d 927, 935-37 (E.D. Mo. Sept. 3, 2014); *see also Helverson v. SunTrust Mortg., Inc.*, 11-0848-CV-W-ODS, 2012 WL 13040075, at *2 (W.D. Mo. Sept. 7, 2012).

Here, the Court finds that Mr. Williams sufficiently alleges an interest in the Property. *See* Mo. Ann. Stat. § 527.150.1 (West 2021) ("Any person claiming any title, estate or interest in real property, whether . . . certain or contingent, . . . whether in possession or not, may institute an action" for quiet title.) While the record is sparse, when viewing the evidence in a light most favorable to Mr. Williams, it appears he has an interest in the Property because the Sale Contract was executed, he paid for the Property, and Defendants delivered a title commitment to him. (Doc. 29, pp. 2-3). Nevertheless, the Court finds that even when viewing the facts in a light most favorable to Mr. Williams, there is no assertion that the Farrell Defendants are claiming title, estate, or interest in the Property. (*See* Doc. 19, ¶¶ 23-25, 43-48). The Farrell Defendants acted as a broker, assisting only in the sale of the Property. (*See* Doc. 32). Thus, Mr. Williams fails to sufficiently allege the second element required to assert a claim for quiet title against the Farrell Defendants, and this Court will grant the Motion to Dismiss Count II.

## IV. CONCLUSION

It is hereby ORDERED that the Motions to Dismiss Counts I and II are GRANTED. (Docs. 23, 25). Accordingly, Counts I and II against the Farrell Defendants are dismissed. All other claims survive.

Dated this 18th day of May, 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge